IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:09-CV-1153-TMH |
| | ) | [WO] |
| HOUSTON COUNTY JAIL, | ) | |
| Defendant. | ) | |
| MICHAEL JACKSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:09-CV-1173-TMH |
| | ) | [WO] |
| ANDY HUGHES, et al., | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Michael Jackson ["Jackson"], a pre-trial detainee presently confined at the Houston County Jail, challenges the conditions of confinement to which he is subjected in the jail.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Houston County Jail are due to be dismissed upon application of 28 U.S.C. §

1915A(b)(1).[1]

## DISCUSSION

A county jail is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County Jail as alleged in Case No. 1:09-CV-1153-TMH-SRW are due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915A(b)(1). *Id*.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915A(b)(1).

2. The Houston County Jail be dismissed as a defendant in the instant causes of action.

3. These cases, with respect to the plaintiff's claims against the remaining defendants regarding the conditions of confinement at the Houston County Jail, be referred back to the undersigned for appropriate proceedings.

It is further

---

[1] A complaint filed by a person incarcerated or detained is subject to screening in accordance with the provisions of 28 U.S.C. § 1915A. This section requires the court to dismiss claims from a prisoner's civil action if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

ORDERED that on or before March 3, 2010 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of February, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE