IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09-CV-1153-TMH |
| | ) | CIVIL ACTION NO. 1:09-CV-1173-TMH |
| | ) | [WO] |
| | ) | |
| ANDY HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Michael Jackson ["Jackson"], a pre-trial detainee
presently confined at the Houston County Jail, challenges the conditions of confinement
to which he is subjected in the jail.  In each of the above-styled cases, the plaintiff filed a
motion for preliminary injunction.  *See Court Doc. No. 10 - Civil Action No. 1:09-CV-
1153-TMH-SRW* and *Court Doc. No. 3 - Civil Action No. 1:09-CV-1173-TMH-SRW*

## I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound
discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).
This court may grant a preliminary injunction only if Jackson demonstrates each of the
following prerequisites: (1) a substantial likelihood of success on the merits; (2) a
substantial threat irreparable injury will occur absent issuance of the injunction; (3) the

threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin*

2

*Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Jackson has failed to demonstrate a substantial likelihood of success on the merits of his claims. Jackson also fails to demonstrate a significant threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants.  Finally, the public interest element of the equation is a neutral factor at this juncture.  Thus, Jackson has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motions for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before April 6, 2010 the parties may file objections to the Recommendation.   Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written

objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 23rd day of March, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE